Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., *Plaintiff,* v. D'ORAZIO & ASSOCIATES, INC., *Defendant.* | Case No.: 2:24-cv-1861 **COMPLAINT FOR COPYRIGHT INFRINGEMENT** *Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc. alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff*

2. Plaintiff BackGrid is a corporation organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. BackGrid is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from top

photographers. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the work to many different licensees, each of which pays a fee to publish.

*Defendant*

6. Defendant D'Orazio & Associates, Inc. is a corporation organized under the laws of the state of California, with its principal place of business in Beverly Hills, California, in this judicial district.

7. D'Orazio is a public relations agency with a dedicated focus on celebrity and editorial placements, social media marketing, celebrity dressing, brand consulting, and event production for fine jewelry, fashion, and luxury lifestyle brands. In its own words, D'Orazio collaborates with many of the world's most recognizable and influential celebrities.

8. On information and belief, D'Orazio owns, or is otherwise responsible for the content of, the social media account @doraziopr on Instagram.

*Personal Jurisdiction and Venue*

9. D'Orazio is a California corporation and is based in Beverly Hills, California. Accordingly, this Court has personal jurisdiction over D'Orazio because its contacts with the State of California are "so continuous and systematic" as to render it "at home" in the State.

10. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *The Copyrighted Photographs*

11. BackGrid owns and holds the copyright to seven photographic images (collectively, the "Images") as follows:

12. Images 1 and 2 depict musical artist Rihanna in a black dress and diamond necklace from Samer Halimeh New York. Images 1 was registered with the U.S. Copyright Office as Reg. No. VA 2-332-026 (eff. Dec. 28, 2022). Image 2 was registered with the U.S. Copyright Office as Reg. No. VA 2-332-028 (eff. Dec. 28, 2022).

13. Image 3 depicts dancer and actress Julianne Hough wearing jewelry from Candy Ice, DJULA, and Vhernier. Image 3 was registered with the U.S. Copyright Office as Reg. No. VA 2-297-924 (eff. Apr. 1, 2022).

14. Images 4 and 5 depict celebrity Chrissy Tiegan, with her husband John Legend, wearing jewelry by Candy Ice. Images 4 and 5 were registered with the U.S. Copyright Office as Reg. No. VA 2-291-855 (eff. Feb. 10, 2022).

15. Images 6 and 7 depict celebrities Justin and Hailey Bieber wearing face masks from Kaze Origins. Images 6 and 7 were registered with the U.S. Copyright Office as Reg. No. VA 2-252-918 (eff. May 20, 2021).

### *The Infringements*

16. BackGrid never licensed the Images to D'Orazio. Nevertheless, D'Orazio used the Images without authorization or permission to do so, and without paying a license fee.

17. Specifically, D'Orazio, or someone acting on its behalf, copied each of the Images from Internet sources—on information and belief including legitimate licensees of BackGrid—stored the Images on its servers, and displayed the Images on its social media account @doraziopr on Instagram.

18. The Images are creative, distinctive, and—as evidenced by D'Orazio's misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BackGrid earned revenue from licensing them and stood to gain more revenue from licensing.

19. In fact, some of the Images were marketed and licensed as "Exclusive" photographs. "Exclusive" means the photographs are available only from the single photo agency (directly or through agents) because no other photographers captured the celebrity or event. Exclusive photographs are more valuable and are licensed for a higher fee, sometimes significantly higher (such as $10,000 to $50,000 or more, and higher if the licensee wants a period of exclusivity where no other licensee can display the photographs).

20. Images 1, 2, and 3 were marketed as Exclusive.

21. D'Orazio's unauthorized use of the Images harmed the market for them. D'Orazio's social media posts made the Images immediately available to its followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid's customers.

22. D'Orazio's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away actual and potential customers. BackGrid's customers are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

23. In addition, D'Orazio's unauthorized uses of the Images are commercial in nature. D'Orazio uses its Instagram feed for the purposes of promotion—specifically, to promote brand awareness for its clients, and to

attract and drive purchasers of its clients' products. In fact, all of the infringing Instagram posts containing the Images were expressly commercial because, in the accompanying text or "caption," D'Orazio highlighted the products being worn by the celebrity depicted.

24.  On information and belief, D'Orazio specifically posted the Images to attract buyers for its clients' products. On information and belief, D'Orazio knew that because of the Images' depictions of popular celebrities, users would be attracted to view the Images and thus more likely to buy the products it was promoting. In short, D'Orazio used the Images as advertisements.

25.  As a public relations company serving fashion clients and luxury lifestyle brands, D'Orazio operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, D'Orazio was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining whether it the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

26.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

27.  Plaintiff is the copyright owners of the protected Images named above in this Complaint.

28.  Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

29.  The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display,

reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

30. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

31. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

32. Having timely registered its copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

33. Plaintiff alleges, on information and belief, that D'Orazio's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

34. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

35. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

36. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

1  B. For an order requiring defendants to account for their profits and
2 any damages sustained by plaintiff arising from the acts of infringement;
3  C. As permitted under 17 U.S.C. § 503, for impoundment of all
4 copies of the Images used in violation of plaintiff's copyrights—including
5 digital copies or any other means by which they could be used again by
6 defendants without plaintiff's authorization—as well as all related records
7 and documents;
8  D. For actual damages and all profits derived from the unauthorized
9 use of the Images or, where applicable and at plaintiff's election, statutory
10 damages;
11  E. For an award of pre-judgment interest as allowed by law;
12  F. For reasonable attorney fees;
13  G. For court costs, expert witness fees, and all other costs authorized
14 under law;
15  H. For such other and further relief as the Court deems just and
16 proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  March 7, 2024          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
      Peter E. Perkowski

      Attorneys for Plaintiff
      BACKGRID USA, INC.